# N. Y. SUPERIOR COURT.

## LILY MAY CHECKLEY, by guardian, &c., agt. THE PROVIDENCE AND STONINGTON STEAMSHIP COMPANY.

*Shipping — Shipowners' liability for loss — Act of congress, 1851 — 9 Statutes at Large, 635 — Limitation of liability.*

Where the loss is caused by the owners' design or neglect, or occurs with his privity or knowledge, a plaintiff may proceed in the state courts, notwithstanding the pendency of proceedings in the United States district court; but he proceeds at the risk of wholly failing in the action if he should fail to bring his case within one of the exceptions.

*Special Term, July,* 1880.

*William P. Dixon,* for motion.

*G. S. P. Stillman,* opposed.

FREEDMAN, *J.* — This is a motion by the defendant, as owners of the steamship Narragansett, sunk by a collision with another steamship also belonging to the defendant, to stay plaintiff's proceedings in the action until the final judgment in the proceedings now pending in the district court of the United State for the southern district of New York for a limitation and determination of defendant's liability by reason of the losses arising out of the collision. This proceeding has been instituted under the act of congress, passed March 3, 1851. By the common as well as the civil law the liability of a shipowner was unlimited although the loss occurred without his personal wrong. By the maritime law of modern Europe the owner is liable only to the extent of his interest in the ship, if personally free from blame. With the view of conforming our law upon this point, as far as deemed practicable to such maritime law, congress passed the act of 1851, limiting the liability of shipowners, with certain exceptions (9 *Statute at Large,* 635). The exceptions are when the loss is

caused by the owner's design or neglect, or occurs with his privity or knowledge. In these exceptional instances his common-law liability remains intact, and he is liable for the whole loss. The plaintiff in any such exceptional case may proceed in the state courts, notwithstanding the pending of the proceedings in the United States district court, but he proceeds at the risk of wholly failing in the action if he should fail to bring his case within one of the exceptions. This has been expressly decided by the court of appeals in *Knowlton et al.* agt. *The Providence and New York Steamship Co.* (53 *N. Y.*, 76). For the foregoing reasons, and no complaint having yet been served, it is not necessary to determine on this motion whether the limited liability act covers actions for personal injuries as well as actions for loss of cargo. Defendant's motion must be denied, with ten dollars costs, but without prejudice to a renewal thereof upon payment of such costs, if the plaintiff should fail to base the complaint upon one or more of the exceptions made by the act of congress.